MAINE MUTUAL MARINE INSURANCE COMPANY *vs.* D. R. STOCK-WELL AND COMPANY.

Penobscot.     Decided June 1, 1877.

*Promissory notes.*

The maker of a premium note given to a mutual insurance company for the nominal premium upon an open policy executed to cover such risks as may

be afterwards indorsed thereon, is liable to the company on such note only to the amount of the actual premiums upon risks assumed by the company and indorsed thereon.

Where a premium note for an open policy is given after the organization of the plaintiff corporation and after applications for insurance to the amount required by its charter to authorize the issuing of policies, by one of the original subscribers, who had paid his former note, given for the purpose of starting the company in business and for the better security of those concerned, it is for the jury to determine whether the note thus subsequently given is for an ordinary open policy, or for "the better security of those concerned."

On MOTION of the plaintiffs to set aside the verdict, which was for the defendant.

ASSUMPSIT on a note of the following tenor: "January 2, 1871. Twelve months after date, we promise to pay to the order of the Maine Mutual Marine Insurance Co., one thousand and one dollars, payable at Bangor, Maine. Value received. (Signed) D. R. Stockwell & Co. (Stamped across the end of the note.) Given for open policy No. 62."

The defendant with fifty one others signed the following agreement, marked A: "We, the undersigned, agree to advance our notes for premiums in advance to the Maine Mutual Marine Insurance Company to the amount set against our names respectively, in accordance with the charter and by-laws of the company." The defendants signed for $1,000, as did each of the others, and gave a note of $1001, in pursuance of agreement "A," which note matured December 29, 1870. The testimony on the part of the defendants tended to show that they paid the amount of this December note in premiums, took up the note, that it was a completed transaction, and that the note in suit was independent, not given in renewal and not given under agreement "A." There was evidence on the part of the plaintiff that the note in suit, as well as the prior note, was given under agreement A. The verdict was for the defendants, and the plaintiffs moved to set it aside as against law and evidence.

*A. W. Paine* and *C. P. Stetson*, for the plaintiffs. Mr. Stetson also referred the court to his brief in *Maine Ins. Co.* v. *Farrar*, 66 Maine, at page 134.

*W. C. Crosby*, for the defendants.

APPLETON, C. J. This suit is on a note given for an open policy to the plaintiff corporation for $1001 on twelve months, and dated January 2, 1870.

The plaintiffs were incorporated by an act approved March 16, 1870, c. 470.

The defendants signed the agreement marked A, which is copied in the case of these plaintiffs v. *Hodgkins,* 66 Maine, at page 111, by which they agreed to advance their notes " for premiums in advance " to the amount of one thousand dollars. This they did, giving their note for that sum and taking therefor an open policy.

The premiums upon insurances under their open policy exceeded the amount of the note and they paid the balance. The defendants had thus complied with the agreement to advance their note " for premiums in advance," and had paid the note so advanced. They were under no obligation to make any further advance of their notes under their agreement. They might do so, but the option was with them.

In February or March, 1871, and after the payment of the note advanced " for premiums in advance," the defendants gave the note in suit for an open policy. The case is not like that of *Howard* v. *Hinckley & Egery Iron Co.,* 64 Maine, 93, where the note originally given under § 9 had been simply renewed but not paid. Here the note originally given had been paid, and its payment constituted a part of the funds " for the security of those concerned."

The rule of law is well settled. The maker of a premium note given to a mutual insurance company for the nominal premium upon an open policy executed to cover such risks as may be afterwards indorsed therein, is liable to the company on such note only to the amount of the actual premiums upon risks assumed by the company and indorsed thereon. *Elwell* v. *Crocker,* 4 Bosw. 22.

The note in suit was given long after the plaintiffs had obtained the requisite capital and had commenced business. The defendants gave their notes for an open policy. The issue before the jury was whether the note was given under § 9, " for premiums in advance," and for the security of dealers, or whether it was a note

given for an ordinary open policy. The testimony was conflicting. The plaintiff's witness, Howard, and the defendants testified that the note was not given under § 9. There was evidence to the contrary. No exceptions were taken to the rulings of the presiding justice. We must assume that they were satisfactory to the plaintiffs.

The tribunal, upon which the law has imposed the duty of determining controverted facts, has rendered its decision, and the parties must abide by the result. *Maine Ins. Co.* v. *Farrar*, 66 Maine, 133.

*Motion overruled.*

WALTON, DICKERSON and VIRGIN, JJ., concurred.

PETERS, J., having been of counsel, did not sit.